# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DARROW BERNARD PAYNE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-1451-MHH-JHE |
| | ) | |
| KAY IVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On September 5, 2019, the magistrate judge entered a report in which he recommended that this action be dismissed without prejudice pursuant to the three-strikes provisions of the Prison Litigation Reform Act ("PLRA"). (Doc. 3). Mr. Payne-Bey has filed objections to the report and recommendation in which he contends that the living conditions at the Donaldson Correctional Facility where he is housed place him imminent danger of serious physical injury. (Doc. 4).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court

reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

The Eleventh Circuit Court of Appeals discussed the "imminent danger" exception to the PLRA's three-strikes rule at length in *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). The Court of Appeals stated:

> Section 1915(g), the three strikes provision, bars a prisoner, who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury." Brown does not dispute that he has three strikes under section 1915(g). Brown, therefore, may not bring his action *in forma pauperis* unless he is under imminent danger of serious physical injury.
>
> Although the Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits have determined that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g), *Malik v. McGinnis,* 293 F.3d 559 (2d Cir.2002); *Abdul–Akbar v. McKelvie,* 239 F.3d 307 (3d Cir.2001) (*en banc* ); *Baños v. O'Guin,* 144 F.3d 883 (5th Cir.1998); *Ciarpaglini v. Saini,* 352 F.3d 328 (7th Cir.2003); *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir.1998); and *Medberry v. Butler,* 185 F.3d 1189 (11th Cir.1999), only the Third, Seventh, and Eighth Circuits have applied the "serious physical injury" portion of the exception. *See Gibbs v. Cross,* 160 F.3d 962 (3d Cir.1998); *Ciarpaglini,* 352 F.3d 328; *Martin v. Shelton,* 319 F.3d 1048

2

(8th Cir.2003); *McAlphin v. Toney,* 281 F.3d 709 (8th Cir.2002); *Ashley,* 147 F.3d 715. In *Gibbs,* the Third Circuit held that the prisoner's allegations that "unidentified dust particles were in his lungs and mucus, and that he [was] suffering from severe headaches, watery eyes, and a change in his voice as a result" of being placed in a dusty cell were sufficient to meet the imminent danger exception. 160 F.3d at 965. In response to arguments that the allegations of danger were speculative, the court stated that "[i]nmates ought to be able to complain about 'unsafe, life-threatening condition[s] in their prison' without waiting for something to happen to them." *Id.* Likewise, the Seventh Circuit, in *Ciarpaglini,* held that allegations of "continuing harm as a direct result of being denied ... medication" for bipolar disorder, attention deficit hyperactivity disorder, and panic disorder, were sufficient to meet the imminent danger exception. 352 F.3d at 330. In *Ciarpaglini,* the prisoner alleged that, as a result of the denial of his medication, his symptoms returned, and that panic attacks caused him to suffer "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back." *Id.*

The Eighth Circuit addressed the question of serious physical injury on three separate occasions. In *Ashley,* the prisoner alleged that prison officials repeatedly placed him in proximity to inmates on his enemy alert list and that he was twice attacked, once with a sharpened, nine-inch screwdriver and once with a butcher knife, and the court ruled that he had alleged imminent danger of serious physical harm. 147 F.3d at 717. In *McAlphin,* the prisoner alleged that he was denied dental extractions, that his gums became so infected he eventually needed five extractions, and two of the extractions had not been scheduled for six months during which time the decay spread. 281 F.3d at 710. When he filed the complaint, the two remaining extractions had not been made. *Id.* The court liberally construed the complaint as alleging that the prisoner was "in imminent danger of serious physical injury because of spreading infection in his mouth," which satisfied section 1915(g). *Id.* In contrast, in *Martin,* the court found that a prisoner's claim of imminent danger of serious physical injury failed. The prisoner alleged that he was forced to work outside in inclement weather on two occasions, once in cold weather without warm clothing and several months later in hot weather despite his blood pressure condition. 319 F.3d at 1050. The complaint also included "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme

3

conditions despite his blood pressure condition." *Id.* The Eighth Circuit held that "[t]his type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

With this persuasive authority in mind, we turn to Brown's complaint, which we must construe liberally and the allegations of which we must accept as true. *See Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir.1979); *Hughes,* 350 F.3d at 1159–60. In his complaint, Brown alleges that he has HIV and hepatitis. He alleges that on September 5, 2002, because his condition was deteriorating, he was prescribed medications for HIV and hepatitis by Dr. Walton. Brown alleges that, on October 30, 2002, Dr. Presnell stopped the prescribed treatment and, as a result, Brown suffered prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains. In his amended complaint, Brown alleges that if not treated he would be exposed to "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome," which would cause him to die sooner. Brown also states that he followed the proper grievance procedure, and in response to his grievance, was informed that "the physician [had seen him] recently, [he would] be seen in the next chronic clinic, [and the warden did] not feel that further action [was] warranted." Liberally construed, Brown alleges a total withdrawal of treatment for serious diseases, as a result of which he suffers from severe ongoing complications, is more susceptible to various illnesses, and his condition will rapidly deteriorate.

The defendants offer two rebuttals. The defendants argue that these allegations fail to allege imminent danger of serious physical injury because skin problems do not constitute serious injury and Brown's allegations of eye problems are too vague. The defendants also argue that, "although [Brown's] illness may ultimately lead to serious physical problems and even death, Brown's allegations do not show that his treatment puts him in imminent danger." These arguments fail.

Although some of the specific physical conditions about which Brown complains may not constitute serious injury, the issue is whether his complaint, as a whole, alleges imminent danger of serious physical

4

> injury. Viewed together, the afflictions of which Brown currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury. That Brown's illnesses are already serious does not preclude him from arguing that his condition is worsening more rapidly as a result of the complete withdrawal of treatment. The amended complaint alleges imminent danger of serious physical injury.

*Brown*, 387 F.3d at 1349-50.

Courts have held that allegations of general prison conditions, including overcrowding and the risk of potential violence, are not sufficient to satisfy the imminent danger exception to the three-strikes provisions of the PLRA. *See, e.g., May v. Myers*, No. 14–00271–KD–B, 2014 WL 3428930, at *2 (S.D. Ala July 15, 2014) ("May's generalized, conclusory allegations regarding conditions at Holman, his exposure to violence, and his risk of potential violence in the future do not sufficiently address the "imminent danger of serious bodily injury" requirement so as to meet the § 1915(g) 'imminent danger' exception."); *Veteto v. Clerks, Judges and Justices of Alabama Courts*, No. 2:17-CV-689-WHA, 2017 WL 6617051, at *3 (M.D. Ala. Oct. 19, 2017) ("To hold that amorphous claims relating to a prisoner's conditions of confinement render an inmate in "imminent danger of serious physical injury" would eviscerate the three strikes provision.").

The examples that the Eleventh Circuit Court of Appeals discussed in the *Brown* case illustrate that an "imminent danger of serious bodily injury" must relate to a specific, existing health condition or threat of physical violence as opposed to

5

general prison conditions. The Court has studied Mr. Payne-Bey's complaint and his objections and finds that he has not alleged a specific health condition or threat that he continues to face.

As the magistrate judge noted, Mr. Payne-Bey describes general prison conditions such as a drug epidemic in the Donald Correctional Facility, the prison's failure to segregate prisoners who have communicable diseases, and officers who assault inmates. (Doc. 4, pp. 4, 6, 11). The Court does not take allegations like these lightly, but none is sufficiently specific to Mr. Payne-Bey to trigger the "imminent danger of serious bodily injury" exception to the three-strikes rule.

In his objections, Mr. Payne-Bey discusses assaults upon him by two prison guards in February 2017. Mr. Payne-Bey asserts that one of the guards threatened to kill him, but he explains that the warden transferred that guard to another facility. (Doc. 4, p. 11). Because the warden addressed and resolved that situation, it is not a source of imminent danger of serious bodily injury to Mr. Payne-Bey today.

Also in his objections, Mr. Payne-Bey describes a severe allergic reaction he had to a yellow jacket sting. He complains that he was given a Benadryl shot rather than a pill. (Doc. 4, p. 12). He does not contend that the shot failed to resolve his allergic reaction, so that situation is not a source of imminent danger of serious bodily injury.

Mr. Payne-Bey devotes part of his complaint and his objections to a discussion of multiple refusals by medical staff to transport him to a VA facility for an examination of an old wrist injury. (Doc. 1, pp. 42-43; Doc. 4, pp. 7-10). He contends that the failure to provide a VA examination has created a financial burden on his family. (Doc. 1, pp. 42-43). The wrist injury qualifies as a specific medical concern, but Mr. Payne-Bey has not alleged that he is in danger of serious bodily injury because of lingering issues relating to his wrist injury. The financial concerns that Mr. Payne-Bey raises do not provide an exception to the three-strikes rule.

Finally, in his complaint, Mr. Payne-Bey mentions in a list of injuries a "retina tear" and "white flashes of light" in his right eye, but he makes no allegations in his complaint or in his objections about those eye conditions. (Doc. 1, pp. 15, 25). There are the sorts of conditions that could trigger the "imminent danger of serious bodily injury" exception to the three-strikes rule if Mr. Payne-Bey were to allege facts relating to this alleged injury.

Mr. Payne-Bey may pursue his claims in this case, but he must pay a filing fee to pursue those claims; he may not proceed *in forma pauperis*. Alternatively, if Mr. Payne-Bey would like to file a new complaint in which he, in good faith, alleges facts concerning an "imminent danger of serious bodily injury" that are consistent with the analysis in this opinion, then he may ask to proceed *in forma pauperis*, and

a judge will determine whether his allegations enable him to proceed without initial payment of a filing fee.

Accordingly, having reviewed the materials in the record, the Court accepts the magistrate judge's recommendation. The Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g). Should Mr. Payne-Bey decide to pay the full filing fee, the Court will reinstate Mr. Payne-Bey's complaint in this action.

The Court will enter a separate final order.

**DONE** this 21st day of October, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE